## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**LEE GOSTON**                                                                    **PLAINTIFF**
**ADC #105879**

**V.**                          **CASE NO.: 5:08CV00045 JLH/BD**

**GRANT HARRIS, et. al.**                                             **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedures for Filing Objections**

        The following recommended disposition has been sent to Chief United States

District Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from receipt of the recommendations.  A copy will be furnished to

the opposing party.  Failure to file timely objections may result in a waiver of the right to

appeal questions of fact.

        Mail your objections and/or request for a hearing to:

                Clerk, United States District Court
                Eastern District of Arkansas
                600 West Capitol Avenue, Suite A149
                Little Rock, AR 72201-3325

1

II.      **Introduction**

Plaintiff, an inmate confined to the Varner Super Max Unit of the Arkansas
Department of Correction ("ADC"), filed a pro se Complaint (docket entry #2) under 42
U.S.C. § 1983, along with an Application for Leave to Proceed *In Forma Pauperis* (#1).
On February 25, 2008, the Court denied Plaintiff's motion for leave to proceed *in forma
pauperis* based upon his having three "strikes" under the Prison Litigation Reform Act
("PLRA").  The Court instructed Plaintiff to pay the filing fee within thirty days of the
February 25, 2008 Order or face dismissal of his lawsuit.

III.     **Discussion**

Title 28 U.S.C. § 1915(g) provides that a prisoner may not proceed *in forma
pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the United
> States that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the prisoner
> is under imminent danger of serious physical injury.

Plaintiff has on three prior occasions filed cases in this Court that were dismissed
for failure to state a claim.  These three prior dismissals count as "strikes" under 28
U.S.C. § 1915(g).  Plaintiff's dismissed cases are: 4:04CV01107 GH, 4:05CV00177
WRW, and 5:06CV00171 JMM.  Thus, Plaintiff may not proceed *in forma pauperis*
unless he meets the exception contained in § 1915(g).

In his Complaint, Plaintiff alleges that after he was transferred to Varner Super Max in July 2005, he began receiving "purposely rigged food trays."  He states that he experiences headaches, stomach aches, and heart pain after eating the allegedly tainted food, and that employees at Varner Super Max are attempting to poison him.  Plaintiff blames Defendant Adrian Brown for these acts and states that Defendant Brown is "stalking" him and has "vowed to kill" him.  Based upon the grievances and the responses to grievances Plaintiff attaches to his Complaint, the last alleged incident Plaintiff reported occurred in February 2007.

Although Plaintiff alleges that he is in "imminent danger," he fails to allege any specific instances of inappropriate conduct that have occurred since February of 2007.  Allegations of past conduct are insufficient to trigger the exception contained in §1915(g).  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

A prisoner who is filing a civil action must pay a $350.00 statutory filing fee.  28 U.S.C. § 1915(b)(1).  The Order of February 25, 2008, (#3) directed Plaintiff to submit the statutory $350.00 filing fee pursuant to 28U.S.C. § 1915(b)(1) within thirty days, and further notified him that failure to do so would result in dismissal of the case.  Plaintiff has failed to comply with the Court's Order.

IV.  <u>Conclusion</u>

The Court hereby recommends that Plaintiff's Complaint (#2) be DISMISSED without prejudice.

DATED this 10th day of April, 2008.

_____

UNITED STATES MAGISTRATE JUDGE